FILED

UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

JUL 30 2019

MITCHELL R. ELFERS
CLERK OF COURT

AO 106 (Rev. 04/10)  Application for a Search Warrant

## UNITED STATES DISTRICT COURT
for the
District of New Mexico

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>11 S Nicholas Rd, Malaga, New Mexico (Subject<br>Premises) | )<br>)<br>)<br>)<br>)<br>) |

Case No. 19MR907

### APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
See Attachment A, attached and incorporated herein.

located in the _____ District of _____ New Mexico _____ , there is now concealed *(identify the person or describe the property to be seized):*
See Attachment B, attached and incorporated herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841 | Possession with intent to distribute a controlled substance |
| 18 U.S.C.  922(g)(1) | Felon in possession of firearm |

The application is based on these facts:

See Attachment C.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested
under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*TELEPHONICALLY PURSUANT TO*
*FED. R. CRIM. PRO. 4.1(b)(2)(A) + 41(d)(3)*
Sworn to ~~before me and signed in my presence.~~

*Applicant's signature*

Kevin Matthews, Task Force Officer - ATF
*Printed name and title*

Date: _____ 07/30/2019 _____

*Judge's signature*

City and state:  Las Cruces, NM

Stephan M. Vidmar, United States Magistrate Judge
*Printed name and title*

## ATTACHMENT A

## DESCRIPTION OF PROPERTY TO BE SEARCHED

### The Premises

The premises (residence and all outbuildings)

11 S Nicholas Road
Malaga, New Mexico 88263

### The Premises' Physical Description

The premises to be searched is a single-family dwelling located at 11 S Nicholas Road, Eddy County, Malaga, New Mexico. The residence is located to the south of Duarte Road at the dead end of S Nicholas Road. The property faces north to south with the front door facing east. The residence is tan in color with white window trim, green shutters, and an overhang with a tin roof, and green trim covering the front door. Additionally, there is a brown outbuilding with white trim attached to the south side of the premises.

To include all outbuildings, appurtenances, and vehicles on the property, including, but not limited to, a white 2005 GMC Sierra with New Mexico license plate 756WFH, which is registered to Raynaldo Soto Parraz.







**ATTACHMENT B**

**ITEMS TO BE SEIZED**

All evidence of violations of 18 U.S.C. §922(g)(1) and 21 U.S.C. §§ 841, including the following items:

    a.  All evidence of violations of 18 U.S.C. §922(g)(1)- Felon in Possession of a Firearm or Ammunition, to include rifles, shotguns, handguns, ammunition, and items related to the possession of firearms.

    b.  Controlled substances, including methamphetamine; and drug paraphernalia and packaging materials, including scales, plastic baggies, and tape.

    c.  Books, records, receipts, notes, ledgers, papers, and other items relating to the purchase, possession, and use of firearms and other documents relating to transporting, ordering, purchasing, manufacturing and/or distributing controlled substances, stored in any form, including electronic form.

    d.  Articles of property tending to establish the identity of persons in control of premises, vehicles, storage areas, containers being searched, including utility company receipts, rent receipts, addressed envelopes, and keys.

    e.  Safes, combinations or key-lock strong boxes or other secure storage containers, suitcases, locked containers, and hidden compartments that may contain evidence of 18 U.S.C. §922(g)(1) and 21 U.S.C. §§ 841.

    f.  Photographs and/or videotapes including photographs and/or video tapes of coconspirators and/or firearms, stored in any form, including electronic form.

    g.  Financial documents reflecting financial transaction for firearms or evidence of controlled substance violations, including credit card statements, tax returns, safe deposit records, safe deposit keys, bank records, bank statements, money orders, Western Union Money Gram or other currency transfer receipts, checking account records, cashier's checks, passbooks and other items evidencing the obtainment, concealment and/or expenditure of money, stored in any form, including electronic form.

    h.  Proceeds of violations of 21 USC §§ 841, including currency, jewelry, vehicles and other assets or financial records related thereto.

    i.  Cellular telephones, including "Smart" phones and records or data related to violations 18 U.S.C. §922(g) and 21 U.S.C. §§ 841, and stored on any cellular telephones including:

        i.  Digital, cellular, direct connect, and/or other phone numbers, names, addresses, and other identifying information of persons in violation of 18 U.S.C.

§922(g)(1) and 21 U.S.C. §§ 841.

ii. Digital, cellular, direct connect, and/or other phone numbers dialed from, which contacted, or which are otherwise stored on the cellular telephones, along with the date and time each such communication occurred;

iii. Text message logs and text messages whether sent from, to, or drafted on, the cellular telephones, along with the date and time each such communication occurred;

iv. The content of voice mail messages stored on the cellular telephones, along with the date and time each such communication occurred;

v. Photographs or video recordings;

vi. Information relating to the schedule, whereabouts, or travel of the user of the cellular telephones;

vii. Information relating to other methods of communications utilized by the user of the cellular telephones and stored on the cellular telephones;

viii. Evidence of user attribution showing who used or owned the cellular telephones, such as logs, phonebooks, saved usernames and passwords, documents, and internet browsing history.

1

## ATTACHMENT C - AFFIDAVIT IN SUPPORT OF ORDER AUTHORIZING SEARCH WARRANT

I, Kevin Matthews, being duly sworn, state as follows under oath:

1. The Affiant (Kevin Matthews) is a full time Officer Employed with the Carlsbad Police Dept. Task Force Officer Kevin Matthews has been employed with the City of Carlsbad since October 2007. TFO Matthews has been assigned to the Pecos Valley Drug Task Force since September 2013. TFO Matthews has attended numerous trainings in reference narcotic investigations, including DEA courses and Courses presented by ATF reference firearm investigations. TFO Matthews has participated in numerous types of investigations including property crimes, homicides, murder for hire, kidnapping and firearms investigations and successfully prosecuted narcotic and firearm investigations. Prior to being employed by the Carlsbad Police Dept. TFO Matthews was a certified Canine handler and Gang investigator. TFO Matthews was a Canine handler for several years. TFO Matthews is currently a commissioned Task Force Officer with the Bureau of Alcohol Tobacco, Firearms and Explosives and has been since August 2015.

2. Your affiant, being duly sworn, states the following to be true and correct to the best of his knowledge and belief based upon his personal observations and from information provided by knowledgeable law enforcement agents and officers who are involved in the investigation of Reynaldo Martinez. The facts outlined in this narrative are not meant to be a complete narrative of all that has occurred in connection with this investigation but are only a summary of facts necessary to set forth probable cause in support of the search warrant and does not purport to set forth all of the affiant's knowledge regarding this investigation.

3. Your Affiant knows from experience as an ATF Task Force Officer, and, from an execution

of arrest warrants authorizing the arrest of Reynaldo Martinez with a large amount of firearms, suspected heroin and U.S. Currency in plain view of Agents. Your Affiant knows through training and experience, that those who own and possess firearms and ammunition generally maintain possession of them for long periods of time. Persons who own firearms and ammunition generally keep them on their persons, in their residence and motor vehicles, or in places where they store their personal property. Firearms are not depleted through use, nor are they exchanged immediately after being obtained. The reasons owners of firearms generally maintain firearms and ammunition in or about their home, business or vehicles include the facts that maintenance of them in or about their home, business or vehicle permits easy access to the firearms and ammunition must be maintained in an environment where they will be secure from theft, as well as safe from rust and corrosion. In the residence, vehicle, and on the person, the firearm is readily available in the event the need for its use arises.

4.  Your Affiant also knows through personal experience and training that most individuals who purchase or possess firearms retain certain documents relating to those purchases, such as sales receipts, factory warranties, and canceled checks, and other miscellaneous documents among their personal property. Your Affiant also knows through experience and training that almost without exception individuals who possess firearms also possess related items such as gun cases, ammunition, gun cleaning supplies and equipment, related to the care and maintenance of the firearms.

5.  Your Affiant knows through training and experience Drug traffickers often keep ledger books, telephone books, receipts, drug customer lists, photographs, financial records and other papers that identify their illegal activities and the activities of co-conspirators. These

records often relate to the acquisition, transportation, storage, or distribution of illegal drugs and the laundering of drug proceeds derived from the sale of these substances. These individuals routinely maintain extensive business records that track the flow of both illegal drugs and currency derived from their sales. Similarly, drug traffickers often keep receipts, bank records or other financial records that appear to be legitimate business transactions, but which record of the flow of drug money into normal commercial channels.

It is a common practice for drug dealers to secrete contraband, proceeds of drug sales, and records of drug transactions in secure locations within their residences, stash houses, and/or places of business, for easy access and to conceal such items from law enforcement authorities. Persons involved in drug trafficking have in the past concealed in their residences or places of business caches of illegal drugs, currency, jewelry, automobile titles, deeds of trust for real property, and other items of value which are the proceeds of prior illegal drug transactions. Additionally, documents often exist in these same places that contain evidence of financial transactions relating to obtaining, transferring, secreting or engaging in the trafficking of illegal drugs and other illegal activities.

## **IDENTIFICATION OF PROPERTY TO BE SEARCHED**

1. The property to be searched is the residence located at 11 South Nicolas Malaga New Mexico, to include the curtilage, and any sheds or outbuildings located on and within the property.

## **PROBABLE CAUSE**

2. The facts in this affidavit come from my personal participation in this investigation, my training and experience and official records and information obtained from other agents and witnesses. This affidavit is intended to show merely there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4

3.  On July 30, 2019, ATF Task Force Officer with Deputy U.S. Marshals, DEA Special Agents arrested Reynaldo Martinez for an outstanding New Mexico District Court Arrest Warrant. A search of Martinez's immediate area pursuant to protective sweep Agents identified numerous firearms and suspected heroin scattered through Martinez's immediate area of the residence he was in, at 11 South Nicolas Malaga New Mexico.

4.  During the execution of the arrest warrant on Martinez, he was found in the bathroom barricaded. When Law Enforcement Agents entered the bathroom, the water was still running in the sink. A hammer was seen on the sink counter, and a strong chemical smell of vinegar. Scattered on the floor throughout the bathroom were numerous large baggies containing a black tar substance.

5.  Due to the strong chemical odor consistent with vinegar and the black tar substance in the baggies, Agents believed the substance to be suspected black tar heroin.

6.  Search incident to arrest approximately $18,000 in U.S. Currency was located in Martinez's shoe. Martinez's fingers were blue in color, consistent with blue Fentanyl pills commonly sold in Carlsbad NM area.

7.  Upon completion of the arrest warrant a protective sweep of the immediate area was conducted and approximately six firearms were located. Five of which were hand guns with one rifle.

8.  While keeping the residence to secure a female arrived on scene and identified herself as Martinez's Girlfriend. She provided a New Mexico Driver's License identifying herself as Ariana Montez. She advised she had not lived on the property for several weeks due to the activity surrounding the property. She felt her children were not safe in the home.

5

9. **WHEREFORE**, I believe that based upon the information contained herein, there is probable cause to obtain a search warrant of the residence 11 South Nicolas Malaga New Mexico, to collect indicia of residency, evidence of a crime, contraband, fruits of a crime, or other items illegally possessed in order to procure evidence and/or instrumentalities of a violation of violation of Title 18, United States Code, Section 922(g)(1), Title 21, United States Code, Section 841.

10. This search warrant was reviewed and approved by Assistant United States Attorney Maria Armijo.


_____
Kevin Matthews, Task Force Officer
Bureau of Alcohol, Tobacco, Firearms and Explosives


**Subscribed and sworn to before**
me this 30th day of July, 2019

*TELEPHONICALLY PURSUANT TO*
*FED. R. CRIM. PRO. 41(b)(2)(A) + 41(d)(3) at 1656 HRS, 7/30/19*

_____
Stephen Vidmar
United States Magistrate Judge